ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VITO L. FAGA, Jr.,

                     Plaintiff,

    -against-                                06 Civ.    (

LOUIS N. WOOL, individually, DAVID SINGER,
individually, GEORGIA RIEDEL, individually,
DEBBIE IMPERIA, individually, DAVID BRUNNER,
individually, JOAN TIBURZI, individually,              **COMPLAINT**
PHILIP SILANO, individually, the HARRISON
CENTRAL SCHOOL DISTRICT and the                    **06 CIV. 5122**
BOARD OF EDUCATION OF THE HARRISON
CENTRAL SCHOOL DISTRICT, New York,              **ROBINSON**

                                                                       **Jury Trial Demanded**

                     Defendants.
------------------------------------------------------------------x

        Plaintiff VITO L. FAGA, Jr., by his attorneys LOVETT & GOULD, LLP, for his complaint respectfully alleges:

### NATURE OF THE ACTION

        1. This is an action for compensatory and punitive damages resulting from conduct jointly engaged by Defendants while acting under color of New York State law pursuant to an agreed upon retaliatory plan involving Defendants and an attorney in private practice, which conduct violated Plaintiff's rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1985(3).

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff VITO L. FAGA, Jr. is a citizen of the United States, a domiciliary of the State of New York and a resident of the County of Westchester. At all times relevant to this complaint, except as otherwise expressly stated to the contrary, he was employed by the Harrison Central School District, New York, as the "Head Custodian" in the District's Louis M. Klein Middle School (hereinafter "MLK"). Plaintiff was employed by the District for approximately twenty years continuously.

4. Defendant LOUIS N. WOOL (hereinafter "Wood"), who is sued only in his individual capacity, at all times relevant to this complaint was the duly appointed Superintendent of Schools for the Harrison Central School District (hereinafter "District"). With respect to the conspiratorial conduct alleged herein Wool acted out of personal animus towards Plaintiff and not out of a desire to serve the interests of the Defendant District.

5. Defendants DAVID SINGER (hereinafter "Singer"), GEORGIA RIEDEL (hereinafter "Riedel"), DEBBIE IMPERIA (hereinafter "Imperia"), DAVID BRUNNER (hereinafter "Brunner"), JOAN TIBURZI (hereinafter "Tiburzi"), and PHILIP SILANO (hereinafter "Silano"), each of whom is sued in their individual and personal capacities only, at all times relevant to this complaint were the duly elected members of the Board of Education of the Harrison Central School District. Each of these Defendants, as in the

2

circumstance of Wool, engaged in the conspiratorial conduct alleged herein out of personal animus towards Plaintiff and not out of a desire to serve the interests of the Defendant District.

## THE FACTS

6. In or about February 2005 Petitioner instituted a federal civil rights action against Defendants in the United States District Court for the Southern District of New York, Faga v. Wool, 05 Civ. 3446 (MDF)(hereinafter "Faga I"), claiming that the Defendants had commenced a civil service disciplinary proceeding in retaliation for his exercise of his rights as guaranteed by reason of the First Amendment to the United States Constitution, 42 U.S.C. §1983.

7. On January 19, 2006, testimony in the subject disciplinary proceeding concluded and, over the strenuous objection of the prosecuting attorney who urged an abbreviated post-hearing briefing schedule so that the Defendants could promptly terminate Plaintiff's employment, the parties were accorded forty days in which to file post-hearing memoranda of law with the hearing officer - - following which submissions the hearing officer began preparation of his so-called "report and recommendations" to the Board on the pendent disciplinary charges.

8. Commencing in February of 2006 in connection with Plaintiff's then pending application for disability retirement benefits, out of personal animus prompted by Plaintiff's having filed/prosecuted Faga I, Defendants repeatedly and illegally collectively refused over a period of approximately four months to provide to Plaintiff's New York State retirement system required financial data so that his application could be

3

timely processed and he could retire. By way of contrast and with respect to other District employees who apply for disability retirement, Defendants have timely provided to the relevant retirement system all necessary date without delay and/or the need for repeated requests.

9. Defendants' refusal to provide the subject data to the retirement system as agreed to by Defendants and the attorney who prosecuted the disciplinary proceeding, was intended by them to interfere with the State's processing of Plaintiff's application and to delay Plaintiff's receipt of disability retirement benefits so that Defendants could punitively terminate his employment for the purpose of retaliating against him for having filed/prosecuted <u>Faga I</u> and exercised his First Amendment protected rights.

10. On March 27, 2006, the jury trial in <u>Faga I</u> commenced before the Hon. Mark D. Fox.

9. On March 31, 2006, a defense verdict was rendered in <u>Faga I</u>.

10. Eleven days thereafter and on April 11, 2006, the administrative hearing officer rendered a report and recommendation to the Board of Education, which report and recommendation the Defendants, acting in concert and agreement with the attorney who prosecuted the disciplinary proceeding, purposefully kept secret from Plaintiff for approximately seven weeks in order to create the false impression that the Defendants' imminent, final administrative determination was not causally related to <u>Faga</u>, *supra* and/or Plaintiff's exercise of his First Amendment protected rights.

11. In furtherance of that plan on May 17, 2006, Defendants (acting in concert with the prosecuting attorney and with personal animus towards Plaintiff by reason of his having instituted/prosecuted <u>Faga I</u> punitively terminated Plaintiff's employment as Head

4

Custodian, effective immediately because and/or substantially because of his exercise of his First Amendment protected rights.

12. They then first provided to the retirement system the statutorily required financial data concerning Plaintiff that had been requested repeatedly since February of 2006. As a result Defendants' successfully delayed the processing of Plaintiff's disability retirement application, interfered with his rights and privileges with respect to the processing of that application, and denied him by reason of his exercise of First Amendment protected speech, equal privileges and immunities as provided for by law.

13. By reason of Defendants' conduct and/or retaliatory conduct, Plaintiff has been caused to suffer: pecuniary losses, loss of benefits including but not limited to retirement contributions; delayed consideration of his application for disability retirement; public humiliation; public embarrassment; public degradation; anxiety; emotional upset; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

14. Repeats and realleges as if fully set forth the facts as alleged in paragraphs "1" to "13", inclusive.

15. Under the premises Defendants' retaliatory action violated Plaintiff's rights as guaranteed him by reason of the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

16. Repeats and realleges as if fully set forth the facts as alleged in paragraphs "1" to "13", inclusive.

17. Under the premises Defendants' conspiracy to deprive Plaintiff of the equal privileges and immunities under the laws violated his rights as guaranteed by reason of 42 U.S.C. §1985(3).

## AS AND FOR A THIRD CLAIM

18. Repeats and realleges as if fully set forth the facts as alleged in paragraphs "1" to "13", inclusive.

19. Under the premises Defendants conduct violated Plaintiff's right to Equal Protection as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    *a.* Awarding against each of the individually named Defendants such punitive damages as the jury may impose,

    *b.* Awarding against all Defendants such compensatory damages as the jury may determine,

    *c.* Awarding against all Defendants reasonable attorney's fees and costs, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       July 3, 2006

                                     LOVETT & GOULD, LLP
                                     Attorneys for Plaintiff
                                     By:_____
                                         Jonathan Lovett (4854)
                                   222 Bloomingdale Road
                                   White Plains, N.Y. 10605
                                   914-428-8401